UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

PARIS JONES,

                Plaintiff,

                -against-

DORA S[C]HRIRO, Commissioner, N.Y.C.
Department of Corrections; WILLIAM CLEMONS,
Warden; Capt. HOLMES,

                Defendants.
--------------------------------------------------------------x

11-CV-5490 (ARR)

<u>NOT FOR ELECTRONIC OR PRINT PUBLICATION</u>

<u>MEMORANDUM & ORDER</u>

ROSS, United States District Judge:

      Plaintiff Paris Jones, currently incarcerated at Rikers Island, brings this <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915, is granted. For the reasons discussed below, plaintiff's claims against Commissioner Dora Schriro and Warden William Clemons are dismissed. Plaintiff's remaining claims against Captain Holmes shall proceed.

### STANDARD OF REVIEW

      A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint <u>sua sponte</u> if the complaint is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u>; <u>Liner v. Goord</u>, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under the Prisoner Litigation Reform Act, <u>sua sponte</u>

1

dismissal of frivolous prisoner complaints is not only permitted but also mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). The Court construes plaintiff's pro se pleadings liberally particularly because they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008).

## DISCUSSION

Plaintiff alleges that on August 12, 2011, Captain Holmes, "confiscated footwear and without following procedures did not issue any property rec[ei]pts." Compl. at 4, ¶ IV. Plaintiff seeks "reimburs[e]ment for property taken and penalty afforded to the party for not following procedure." Compl. at 5, ¶ V.

"'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)); see also Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999). Thus, a plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). Moreover, liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no respondeat superior or vicarious liability under § 1983. In Ashcroft v. Iqbal, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 129 S.Ct. 1938, 1948 (2009). Here, plaintiff fails to allege facts to support a claim that Commissioner Dora Schriro's or Warden William Clemons' own actions violated plaintiff's civil rights to make them liable under § 1983, and the complaint must be dismissed with respect to those defendants.

## CONCLUSION

Plaintiff's request to proceed in forma pauperis is granted. Plaintiff's claims against Commissioner Schriro and Warden Clemons are dismissed, and no summons shall issue as to those defendants. Plaintiff's remaining claims against Captain Holmes shall proceed.

The United States Marshal Service is directed to serve the summons, complaint, and this Order upon the remaining defendant without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

ALLYNE R. ROSS
United States District Judge

Dated: November 30, 2011
      Brooklyn, New York

SERVICE LIST:

**Plaintiff:**
Paris Jones
# 241-10-08951
R.N.D.C. / Adolescent Reception and Detention Center
11-11 Hazen Street
East Elmhurst, NY 11370