FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 1 5 2013 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

PARIS JONES,

                            Plaintiff,

-against-

CAPTAIN HOLMES,

                            Defendant.

----------------------------------------------------------------- X

11-CV-5490 (ARR)(JMA)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Paris Jones ("plaintiff") brings this pro se action pursuant to 42 U.S.C. § 1983. In a previous Memorandum and Order, the court dismissed all but one of the defendants. See Dkt. #5. Now before the court is defendant Captain Holmes's ("defendant") motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is granted.

## BACKGROUND

Plaintiff's complaint arises from an incident that took place while plaintiff was incarcerated at the Robert N. Davoren Complex (RNDC) in Elmhurst, New York.[1] Specifically, plaintiff alleges as follows:

> On August 12, 2011 between the 12 and 12:30 p.m, as the detainee's [sic] of housing unit Modular 4 Lower were in the corridor waiting to enter the Modular 2 mess hall, Capt. Holmes walked past said detainee's [sic] including myself and went into Modular 4 . . . as we all exit the mess hall back into the corridor, Capt. Holmes is standing there with a pile of footwear at his side, I recognized a pair th[at] resembled my own. As I made it back to the housing unit I noticed my

---

[1] Plaintiff has since been transferred to Marcy Correctional Facility.

1

footwear were missing, as well as other detainee's [sic] stated the same. Later we were informed that Capt. Holmes confiscated footwear and without following procedure did not issue any property rec[ei]pts.

Compl. at 4. Plaintiff seeks "reimburs[e]ment for property taken and penalty afforded to the party for not following procedure." Id. at 5.[2]

## DISCUSSION

I.  *Standard of Review*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although still subject to the facial probability standard, a pro se complaint must be construed liberally and is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Nevertheless, pro se plaintiffs are not excused from the normal rules of pleading and "dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief." Geldzahler v.

---

[2]The court notes that alleged deprivation of shoes or issuance of inadequate shoes are frequent subjects of complaint against the New York City Department of Corrections. E.g. Stevens v. City of New York, No. 12 Civ. 3808(JMF), 2013 WL 81327, at *2 (S.D.N.Y. Jan. 8, 2013); Perkins v. Schriro, No. 11 Civ. 814(GBD)(JCF), 2012 WL 5909892, at *1 (S.D.N.Y. Nov. 21, 2012); Martin v. City of New York, No. 11 Civ. 600(PKC)(RLE), 2012 WL 1392648, at *9 (S.D.N.Y. Apr. 20, 2012); Williams v. Dep't of Corr., No. 11 Civ. 1515(SAS), 2011 WL 3962596, at *4 (S.D.N.Y. Sept. 7, 2011); Wheat v. N.Y.C. Dep't of Corr., No. 10 Civ. 5459(SAS), 2010 WL 5129065, *4-5 (S.D.N.Y. Dec. 15, 2010); Edwards v. Quinones, No. 10 Civ. 3141(WHP), 2010 WL 4669110, at *1 (S.D.N.Y. Nov. 17, 2010); Gains v. N.Y.C. Dep't of Corr., No. 10 Civ. 189(BSJ)(KNF), 2010 WL 4537040, at *1 (S.D.N.Y. Nov. 3, 2010); Hallett v. City of New York, No. 08 Civ. 2831(CM), 2010 WL 1379733, at *6-7 (S.D.N.Y. Mar. 26, 2010).

N.Y. Med. College, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting 2 Moore's Fed. Practice § 12.34[4][a] at 12-72.7 (2005)).

II.  *Exhaustion of Administrative Remedies*

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Prisoners must "'complete the administrative review process in accordance with the applicable procedural rules.'" Id. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)).

"[F]ailure to exhaust is an affirmative defense . . . and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 216; accord Land v. Kaufman, No. 07 Civ. 8070(GEL), 2009 WL 1106780, at *5 (S.D.N.Y. Apr. 23, 2009) ("Exhaustion of administrative remedies is an affirmative defense that defendants bear the burden to raise and prove."). "An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998); see Sloane v. Mazzuca, No. 04 CV 8266(KMK), 2006 WL 3096031, at *4 (S.D.N.Y. Oct. 31, 2006) ("[A] complaint may be dismissed if plaintiff's failure to exhaust

administrative remedies is apparent from the face of the complaint."). However, "if, as is usually the case, it is not clear from the face of the complaint whether the plaintiff exhausted, a Rule 12(b)(6) motion is not the proper vehicle." McCoy v. Goord, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003).

Here, plaintiff states that he "[f]iled a complaint stating what occurred of said incident." Compl. at 2. In response to the question, "What was the result?" plaintiff states, "No responses." Id. Notably, the form Civil Rights Complaint filled out by plaintiff does not ask whether plaintiff appealed any adverse decision. Therefore, it is not clear from the face of the complaint whether plaintiff appealed the lack of response or not. Defendant attaches the New York City Department of Correction Inmate Grievance Resolution Program ("IGRP") Directive, which provides that if a prisoner files a grievance and does not receive a response within five days, the prisoner must request a hearing from the Grievance Office. IGRP Directive ¶ IV(B)(1)(d)(i).[3] However, defendant does not provide any materials detailing plaintiff's grievance that would compel the court to convert the 12(b)(6) motion to a motion for summary judgment. Cf. Arnold v. Goetz, 245 F. Supp. 2d 527, 540-41 (S.D.N.Y. 2003). While the complaint suggests that plaintiff may not have exhausted his administrative remedies, it is not clear from the face of the complaint that he has failed to exhaust. Therefore, dismissal on this ground is inappropriate. See, e.g., Benjamin v. Flores, No. 11-CV-4216 (ARR), 2012 WL 5289513, at *5-6 (E.D.N.Y. Oct. 23, 2012); Gssime v. Watson, No. 09-CV-5581(JS)(ETB), 2012 WL 540926, at *6 n.2 (E.D.N.Y.

---

[3] The court takes judicial notice of the IGRP, which is detailed in DOC Directive Number 3375R–A (available online at http://www.nyc.gov/html/doc/downloads/pdf/3375R-A.pdf). See, e.g., Martin v. City of New York, No. 11 Civ. 600(PKC)(RLE), 2012 WL 1392648, at *5 n.2 (S.D.N.Y. Apr. 20, 2012) (citing cases taking judicial notice of the IGRP).

4

Feb. 16, 2012).

III.  *Deprivation of Property Claim*

Even if plaintiff's claim is properly exhausted, however, it must be dismissed on the merits. The complaint may be construed as alleging deprivation of property under the Due Process Clause of the Fourteenth Amendment, which provides that the State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1.

However, "[d]eprivation of property by a state actor, whether intentional or negligent, does not give rise to a claim under § 1983 so long as the law of that state provides for an adequate post-deprivation remedy and the deprivation was the result of a 'random and unauthorized' act." Dove v. City of New York, No. 99CIV3020DC, 2000 WL 342682, at *2 (S.D.N.Y. Mar. 30, 2000) (citing Butler v. Castro, 896 F.2d 698, 700 (2d Cir.1990) (adequate post-deprivation remedy is defense to § 1983 claim based on "random and unauthorized" deprivation but not to claim "where the deprivation complained of results from the operation of established state procedures")); see also Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional deprivation of property not actionable under § 1983 if meaningful post-deprivation remedy available under state law); Parratt v. Taylor, 451 U.S. 527, 542–43 (1981) (negligent deprivation of property not actionable under § 1983 where post-deprivation remedy available), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986).

"Where loss of property was 'random and unauthorized,' courts have found that 'New York provides an adequate post-deprivation remedy in the form of state law causes of action for negligence, replevin, or conversion.'" Cantave v. N.Y.C. Police Officers, No. 09-CV-2226 (CBA)(LB), 2011 WL 1239895, at *7 (E.D.N.Y. Mar. 28, 2011) (quoting Dove, 2000 WL

342682, at *3); see also Mejia v. N.Y.C. Dep't of Corr., No. 96 CV 2306 JG, 1999 WL 138306, at *4 (E.D.N.Y. Mar. 5, 1999) (availability of state law negligence, replevin, or conversion claims defeats § 1983 action for loss of property); Cook v. City of New York, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (same). Here, plaintiff has not alleged that the deprivation of property was part of an established practice or procedure at the RNDC. In fact, the complaint appears to allege the opposite, stating that "Capt. Holmes confiscated footwear and without following procedure did not issue any property rec[ei]pts." Compl. at 4 (emphasis added). Accordingly, plaintiff's Fourteenth Amendment claim must be dismissed. See, e.g., Stevens v. City of New York, No. 12 Civ. 3808(JMF), 2013 WL 81327, at *2 (S.D.N.Y. Jan. 8, 2013) (holding that confiscation of prisoner's shoes did not constitute Fourteenth Amendment violation for deprivation of property because of availability of state court post-deprivation remedies); Malik v. City of New York, No. 11 Civ. 6062(PAC)(FM), 2012 WL 3345317, at *11 (S.D.N.Y. Aug. 15, 2012) (same).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/S/ Judge Ross
Allyne R. Ross
United States District Judge

Dated: January 15, 2013
Brooklyn, New York

6

**Service List:**

Paris Jones
# 12-R-1400
Marcy Correctional Facility
9000 Old River Road
P.O. Box 3600
Marcy, NY 13403